THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS WARADY, PLAINTIFF IN ERROR.

Argued November 10, 1908—Decided February 23, 1909.

1. A trial judge in his charge to the jury may call attention to any matter affecting the credibility of a witness, and may comment upon the testimony and intimate an opinion as to its weight, whenever he thinks it necessary for the promotion of justice, so long as he fairly leaves the jury to determine the facts and draw their own conclusions as to the credibility of the witnesses and the weight of the testimony.

2. Where, as in the trial of an indictment for having feloniously aided and abetted the crime of bigamy, it is necessary to prove a conviction of the principal offence in order to support a conviction of the defendant, it is not erroneous for the Court of Quarter Sessions to admit in evidence its own minutes showing a conviction of the principal offence at the same term, when it appeared that the record of conviction had not been made up.

3. In a criminal case, the taking of testimony to which no objection was interposed by the defendant at the trial, and concerning which no motion was made to strike out, is no ground for reversal under section 136 of *Pamph. L.* 1898, *p.* 915.

On error to the Mercer County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *John H. Backes.*

For the state, *William J. Crossley,* prosecutor of the pleas, and *William R. Piper,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff in error, Louis Warady, was convicted upon an indictment charging him with having feloniously aided and abetted Michael Kiss in committing the crime of bigamy with one Emma Papp.

The entire record of the proceedings had upon the trial are returned in accordance with the provisions of section 136 of *Pamph. L.* 1898, *p.* 915.

The first cause for reversal argued raises the question of the propriety of the following excerpt from the charge of the court: "The jury in testing the truthfulness of the defendant and his daughter, are not to be unmindful of the fact, however, that the defendant has a great interest in the result of this trial, and that his daughter, as a near relative, shares that interest to some extent. Is that interest sufficient to impel him to give false testimony of the occurrences at the defendant's place of business at the time when Michael Kiss and Emma Papp had interviews with the defendant?"

It is contended that the latter part of this instruction was erroneous. We cannot agree with this view.

Whatever the rule may be in other jurisdictions, it is entirely settled in this state that the judge may call attention to any matter affecting the credibility of a witness, and may comment upon the testimony and intimate an opinion as to its weight, whenever he thinks it necessary for the promotion of justice, so long as he fairly leaves the jury to determine the facts and draw their own conclusions as to the credibility of the witnesses and the weight of the testimony. *Bruch* v.

*Carter,* 3 *Vroom* 554; *Engle* v. *State,* 21 *Id.* 272; *State* v. *Simon,* 42 *Id.* 142; *State* v. *Hummer,* 44 *Id.* 714.

An examination of the whole of the charge shows that the trial judge properly instructed the jury that they were "the sole judges of the facts, of the credibility of each witness, and of the weight that is to be given to the testimony of each." It appears, therefore, that the court was well within the rule which obtains in this state, and that there was no abuse of this matter of judicial discretion.

The next cause for reversal urged is that the court admitted in evidence its "rough minutes" to establish the conviction of Kiss on a charge of bigamy with Mrs. Papp. It was, of course, necessary to prove a conviction of the principal offence, in order to support a conviction of the defendant. Ordinarily the usual way to prove this is by the production of the record of his conviction. The deputy clerk of the court, who was sworn as a witness, however, testified that the record in the Kiss case, which trial was had in the same court at the same term, had not yet been made up; the conviction, therefore, could not be proved by the record. In this situation we think that the minutes of the court which showed the result of the trial were competent. See 3 *Russ. Cr. (Ed.* 1896) 449, citing *Horne Took's Case,* 25 *St. Tr.* 446.

The last cause for reversal argued is that the court admitted evidence of transactions between the defendant and Mrs. Papp which had no bearing upon the crime for which he was indicted, and that this was erroneous. It is enough to say in disposing of this matter that the testimony was all taken without any objection interposed on behalf of the defendant and that no application was made to strike it out after it came in. It is therefore no cause for reversal. *State* v. *Hummer, supra.*

The result is that the judgment of the court below is affirmed.